# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-0237V

| | |
|---|---|
| BRITA REED,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 20, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 7, 2021, Brita Reed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination she received on October 22, 2019. Petition, ECF No. 1. On May 19, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $29,755.90 (representing $27,054.30 in fees plus $2,701.60 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Nov. 22, 2023, ECF No. 36. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on Dec. 4, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 37. Petitioner did not file a reply thereafter.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, Judgment was entered on May 25, 2023, making Petitioner's motion due on November 21, 2023. Petitioner filed her motion for attorney's fees and costs on November 22, 2023, however - *one day past the required deadline.* Petitioner did not provide any explanation to justify the untimely filing, nor did she file a motion for extension of time.

This is cause *by itself* to deny Petitioner's request for fees and costs in its entirety. However, I will award attorney's fees and costs in this matter, given that the motion was merely one day late. Nevertheless, counsel should not expect the same leniency for future fees requests. Any future requests for fees and costs that are untimely filed, or requests for extensions that *themselves* are untimely, will be denied, or result in a curtailed award.

## ATTORNEY COSTS

Petitioner requests $2,701.60 in overall costs. ECF No. 36-2. This amount is comprised of obtaining medical records, shipping costs, expert fees, and the court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,755.90 (representing $27,054.30 in fees plus $2,701.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah V. Durant.** In the absence of a timely-filed

2

motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.